UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FREDDIE L. BREWER,

       Plaintiff,

v.                                            CIV No. 02-0407 LH/RLP

DKD ELECTRIC COMPANY, INC.,

       Defendant.

## MEMORANDUM OPINION AND ORDER
## OF DISMISSAL WITHOUT PREJUDICE

**THIS MATTER** comes before the Court on Defendant's Motion to Dismiss pursuant to FED. R. CIV. P. 37 (d) and 41 (b) (Docket No. 20). The Court, having considered Defendant's motion and supporting memorandum, concludes that the Defendant's motion is well-taken and shall be **granted**. This case shall be dismissed without prejudice.

**Procedural History**

Plaintiff Freddie Brewer, a Georgia resident, brought race-based discrimination claims with the EEOC against Defendant DKD Electric Co, an Albuquerque business. He claimed to be the victim of discriminatory practices while working in Albuquerque. The EEOC reviewed the complaint and issued an order of nondetermination. Brewer appealed the decision to federal court in Georgia.

On April 2, 2002, Plaintiff submitted an application under § 706(f) of the Civil Rights Act of 1964 for the ability to proceed *in forma pauperis*. The Georgia court granted Plaintiff's status and

1

then transferred the case to the District Court of New Mexico on April 8, 2002.

Plaintiff's service of process required compulsion by the undersigned judge. The record does not indicate that Plaintiff independently served Defendant with a copy of the complaint. The clerk of the court sent a letter and summons to Plaintiff on September 9, 2002, requesting that he fill out and return the forms for service within ten days of receipt of the letter. Plaintiff did not comply. On October 9, 2002, the undersigned judge ordered Plaintiff to file proof of service by October 23, 2002, or suffer dismissal without prejudice for lack of prosecution. Plaintiff finally filed proof of service on October 22, 2002.

Plaintiff moved for appointment of counsel on November 5, 2002. Magistrate Judge Richard L. Puglisi denied this motion on April 1, 2003.

Pursuant to FED. R. CIV. P. 16, a scheduling conference was held on October 15, 2003. Plaintiff appeared telephonically. His telephonic approval of the initial pre-trial report is the last indication in the record of any action taken by Plaintiff.

Defendant served initial disclosures on Plaintiff on October 24, 2003, as well as the first set of interrogatories, a request for production, and a request for admissions on October 28, 2003. Plaintiff never responded to these discovery requests, nor did he serve his own discovery requests upon Defendant.

Defendant filed a motion to compel responses to the first set of discovery and initial disclosures on December 23, 2003. Magistrate Judge Richard L. Puglisi granted this motion on February 5, 2004. The order stated that Plaintiff must respond to the first set of discovery by February 20, 2004, and submit initial disclosures by February 13, 2004. The order warned that failure to comply could result in the sanction of dismissal. Plaintiff took no subsequent action.

Defendant filed a motion to dismiss with prejudice under FED. R. CIV. P. 37(d) and 41(b) on March 16, 2004. Again, Plaintiff filed no response to the motion.

**Discussion**

Defendant brings the motion to dismiss under FED. R. CIV. P. 37(d) and 41(b). The issue now before the Court is whether Plaintiff's failure to meet court deadlines merits a dismissal under FED. R. CIV. P. 41 (b).[1]

Freddie Brewer is a *pro se* plaintiff. Deference should be given to *pro se* plaintiffs to ensure their access to justice. Occasional allowances by the court for honest mistakes provide leeway for plaintiffs who are not trained in the law and do not have representation. This deference, though, should be balanced with potential abuse of the defendant and constant delays in the judicial system. A *pro se* litigant must follow the same rules of procedures that govern other litigants. *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992). When a *pro se* litigant's errors or failings become continuous or regular, the actions have a much greater impact on the adverse party than infrequent missteps in the judicial process. In such a case, a dismissal for failure to prosecute can be appropriate, despite the *pro se* status of a plaintiff.

Dismissal is within the power of the Court. The Court maintains an inherent power to impose a variety of sanctions on litigants in order to regulate its docket, promote judicial efficiency, and deter frivolous findings. *Martinez v. Internal Revenue Service*, 744 F.2d 71, 73 (10th Cir. 1984). One

---

[1] Rule 37 (d) addresses the failure to comply with discovery procedures, specifically the failure to answer interrogatories or respond to requests for inspection. While this rule offers a foundation for dismissal, in light of the history of his case, analysis as to whether Plaintiff has failed to prosecute the case under Rule 41 (b) is more appropriate.

sanction within the discretionary authority of the court is to dismiss an action for want of prosecution. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-630 (1962). This power allows the court to balance the furtherance of justice with judicial economy. In certain situations, a dismissal is advantageous to the efficiency and efficacy of the judicial system and is an appropriate remedy for the defendant: "[W]e have repeatedly upheld dismissals in situations where the parties themselves neglected their cases or refused to obey court orders." *Green,* 969 F.2d at 917.

The record reflects Plaintiff's limited participation in these proceedings. As elaborated above, Plaintiff's participation in these proceedings ceased in October of 2003. Plaintiff thereafter neglected to meet discovery deadlines, failed to comply with the Magistrate Judge Puglisi's order to participate in discovery (despite receipt of a second notification that failure to comply could result in a dismissal), and did not to respond to Defendant's motion to dismiss.

Plaintiff's failure to prosecute this matter reflects an increasing lack of interest in pursuing this matter. Court orders have proven ineffective to compel participation in this case. In all likelihood, other sanctions will be of similarly little value. Because lesser sanctions for the failure to participate will be ineffective, a dismissal is appropriate. *Meade v. Grubbs*, 841 F.2d 1512, 1520 & n.6 (10th Cir. 1988).

The Court is cognizant of Plaintiff's *pro se* status as well as of the general view that the power of dismissal should be exercised lightly. The sanction of dismissal should be granted sparingly to preserve the adjudicatory rights of the plaintiff. *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2nd Cir.2001) (involuntary dismissal is a harsh remedy to be utilized only in extreme situations, particularly when *pro se* litigants are involved.).

The Court's primary purpose is to provide justice. In addition to Plaintiff's rights, those of

Defendant must also be weighed.  Plaintiff's continued procedural failures and manifest disinterest in pursuing this case burdens Defendant in the preparation of its case.  Further, with only one participating party remaining, this case unnecessarily utilizes an already limited allotment of judicial time.  Plaintiff's apparent withdrawal from prosecuting this case, despite warnings in court orders, merits a dismissal without prejudice under FED. R. CIV. P. 41 (b).

**WHEREFORE,** for the reasons stated above, Defendant's Motion to Dismiss (Docket No. 20) is hereby **granted**, and this case is dismissed without prejudice.

**IT IS SO ORDERED**.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**